UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

HOME DESIGN SERVICES, INC.,

    Plaintiff,

-vs-                                                   Case No. 5:07-cv-5-Oc-10GRJ

BANYAN CONSTRUCTION AND
DEVELOPMENT, INC. d/b/a/ BANYAN
HOMES, FRANK M. GAMMON, JR.,
FRANKLIN BEATY, PAUL C. WESCH,
JOHN B. SAINT, JOSEPH J. CAMPUS,
CHESTER J. STEFAN, and DONALD P.
KELLY, JR.,

    Defendants.
_____/

## **O R D E R**

This case is before the Court for consideration of Defendants John B. Saint, Chester J. Stefan, Donald P. Kelly, and Paul C. Wesch's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 14), to which the Plaintiff has responded. The Court concludes that the motion is due to be granted and Defendants John B. Saint, Chester J. Stefan, Donald P. Kelly, and Paul C. Wesch are due to be dismissed from this action.

**Background**

In the Complaint, the Plaintiff purports to state two claims, each for the alleged infringement of federal copyrights on original architectural works - floor plans for single family homes. The Plaintiff names as defendants Banyan Homes and seven individuals, who, other than providing their names, the Plaintiffs fail to identify in relation to Banyan

Homes or in relation to their role in the alleged infringement.  Indeed, the Plaintiff makes exactly three allegations in the Complaint with respect to each Defendant, one individual allegation at the beginning of the Complaint and one collective allegation as to each claim. The individual allegations relevant to the moving defendants - and their paragraph number in the Complaint - are as follows:

> 7. Upon information and belief, Defendant Paul C. Wesch, is a citizen of the United States, conducting business at 301 N. U.S. Highway 27, Suite G, Clermont, Florida.
>
> 8. Upon information and belief, Defendant John B. Saint, is a citizen of the United States, conducting business at 301 N. U.S. Highway 27, Suite G, Clermont, Florida.
>
> 10. Upon information and belief, Defendant Chester J. Stefan, is a citizen of the United States, conducting business at 301 N. U.S. Highway 27, Suite G, Clermont, Florida.
>
> 11. Upon information and belief, Defendant Donald P. Kelly, is a citizen of the United States, conducting business at 301 N. U.S. Highway 27, Suite G, Clermont, Florida.

In addition, each of the two counts in the Complaint contains the following language: "the Defendants infringed said copyrights by advertising, designing, constructing and participating in the construction of one or more residences . . . ."  Complaint ¶¶ 21 & 31. That language constitutes the totality of the allegations against the Defendants.

In their motion to dismiss and attached affidavits, Defendants John B. Saint, Chester J. Stefan, Donald P. Kelly, and Paul C. Wesch (the "Foreign Defendants") revealed that they are officers and directors of Banyan Homes, a Florida corporation.  The Foreign Defendants also stated that they are all officers and directors of The Mitchell Company

("Mitchell"), the parent and sole owner of Banyan Homes.  According to their affidavits, Mitchell, whose principal place of business is in Mobile, Alabama, acquired Banyan Homes in 1997, at which time the Foreign Defendants became officers and directors of Banyan. Moreover, the Foreign Defendants have asserted the following in each of their affidavits:

> I do not oversee, participate in, or plan the construction of single family homes by Banyan.
>
> I have no involvement in the day-to-day operations of Banyan, and have no direct participation in the planning of any construction by Banyan.
>
> I have no input on the selection of house plans offered by Banyan.
>
> I do not personally own or lease any property in Florida.[1]
>
> I do not have a personal address or telephone number in Florida.[2]
>
> I do not have any personal bank accounts in Florida.
>
> I do not travel to Florida, unless it is on behalf of Mitchell.[3]

In response, the Plaintiff has provided no affidavit or other evidence, but instead has relied upon the affidavits of the Foreign Defendants and has asserted that those defendants are subject to personal jurisdiction in this Court in their individual capacity because they are

---

[1] Donald P. Kelly added a handwritten note to the end of this sentence: "other than vacation condo in Escambia County."

[2] Donald P. Kelly added a handwritten note to the end of this sentence: "other than for vacation condo in Escambia County."

[3] Donald P. Kelly added a handwritten note to the end of this sentence: "other than occasionally to vacation condo in Escambia County."  John B. Saint inserted the word "often" after the word "Florida."

officers and directors of a Florida corporation and have traveled into the State of Florida on behalf of Mitchell.

## Discussion

The Court must undertake a two-part analysis in order to determine whether it has personal jurisdiction over the Foreign Defendants.[4] First, the Court must determine whether the Florida long-arm statute provides a basis for personal jurisdiction. Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996). If so, then the Court must determine whether sufficient minimum contacts exist between the defendants and the forum state so as to satisfy "traditional notions of fair play and substantial justice" under the Due Process Clause of the Fourteenth Amendment. Sculptchair, 94 F.3d at 626. "A plaintiff seeking to obtain jurisdiction over a nonresident defendant initially need only allege sufficient facts to make out a prima facie case of jurisdiction." Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 (11th Cir. 1999). "The plaintiff bears the burden of proving by affidavit

---

[4] "When jurisdiction is based on a federal question arising under a statute that is silent regarding service of process, Rule 4(e) of the Federal Rules of Civil Procedure directs us to look to the state long-arm statute in order to determine the existence of personal jurisdiction." Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626-27 (11th Cir. 1996) (citing Cable/Home Communication v. Network Prod's, 902 F.2d 829, 855 (11th Cir.1990)). Here, the Plaintiff's claims of copyright infringement are founded upon "the federal Copyright Act of 1976, Title 17, United States Code" and, as such, the Court must look to Florida's long-arm statute to determine the amenability of the nonresident defendants to jurisdiction in Florida. See Cable/Home, 902 F.2d at 856 ("While jurisdiction exists in the district court for copyright and communications statutory violations, there is no service of process provision for either statute. Accordingly, Rule 4(e) directs us to the Florida long-arm statute in order to determine the amenability of nonresident defendants-appellants to jurisdiction in Florida.") (citing 28 U.S.C. §§ 1331 & 1338 and Fla. Stat. § 48.193).

the basis upon which jurisdiction may be obtained only if the defendant challenging jurisdiction files affidavits in support of his position." Posner, 178 F.3d 1209.

While the Complaint lacks any indicia of the purported basis for the applicability of Florida's long-arm statute to the Foreign Defendants, the Plaintiff has asserted in its Response to the motion to dismiss that personal jurisdiction is based upon three alternative grounds: The Plaintiff asserts that specific jurisdiction is appropriate because the Foreign Defendants committed a tortious act in Florida and because the claim arises out of their business activities in the State, and the Plaintiff asserts that courts in Florida may exercise general jurisdiction over the Foreign Defendants because of their substantial activity in the State. The Plaintiff's position is supported solely by the Foreign Defendants' affidavits, in which they admit that they are officers and directors of a Florida corporation, and that they traveled to Florida on behalf of the parent of that Florida corporation. However, in those same affidavits, the Foreign Defendants deny any significant personal connection with the State of Florida as well as any personal connection to the activities of Banyan Homes related to the allegations of copyright infringement in the Complaint.

The Court finds no basis for jurisdiction over the Foreign Defendants under Florida's long-arm statute. First, the Court finds no support for the Plaintiff's argument for specific jurisdiction based upon the Foreign Defendants' alleged commission of a tort in Florida. See Fla. Stat. § 48.193(1)(b). Indeed, on this ground, the Court finds that the Plaintiff has failed to make a prima facie case of personal jurisdiction because the Complaint is devoid of any allegation establishing that the Foreign Defendants have committed a tortious act

in Florida.  Second, the Court finds no support for the Plaintiff's argument for specific jurisdiction based upon the contention that the claim arises out of the Foreign Defendants' business activities in the State.  See Fla. Stat. § 48.193(1)(a).   Again, the Plaintiff has failed to make a prima facie case of personal jurisdiction because the Complaint is devoid of any allegation establishing that the claim arises out of the Foreign Defendants' business activities in the State.  Third, the Court finds no support for the Plaintiff's argument for general jurisdiction based upon the contention that courts in Florida may exercise general jurisdiction over the Foreign Defendants because of their substantial activity in the State.  See Fla. Stat. § 48.193(2).  Once more, the Plaintiffs' Complaint is devoid of an allegation that the Foreign Defendants engaged in any activity in Florida, let alone an allegation that the Foreign Defendants engaged in the type of substantial activity necessary to establish general jurisdiction under Florida law.

In addition, even if the Court read the Complaint to make a prima facie case for personal jurisdiction, the Foreign Defendants' unchallenged affidavits explicitly deny any personal involvement with the activities of Banyan Homes related to the allegations of copyright infringement, as well as any contacts with the State of Florida that would rise to the level of permitting the exercise of general jurisdiction in Florida.  Further, the Court finds that the Foreign Defendants have properly invoked Florida's Corporate Shield Doctrine.  The Florida Supreme Court has held that "it is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer." Doe v. Thompson,

620 So. 2d 1004, 1006 (Fla. 1993).  As such, the Court will not consider the Foreign Defendants' contacts with Florida or any acts the Foreign Defendants may have taken in their roles as corporate representatives in determining whether the exercise of personal jurisdiction over those <u>individual</u> defendants is proper.[5]  The Corporate Shield Doctrine is particularly appropriate here because there is absolutely no allegation in the Complaint of intentional wrongdoing by the Foreign Defendants, and the Plaintiff asserts in its Response that it seeks to hold the Foreign Defendants liable for copyright infringement on the basis of vicarious liability.[6]

Because the Court has found that the exercise of personal jurisdiction is not appropriate, the Court need not consider whether sufficient minimum contacts exist between the defendants and the forum state so as to satisfy "traditional notions of fair play and substantial justice" under the Due Process Clause of the Fourteenth Amendment. However, the Court finds that even if the exercise of personal jurisdiction was permitted by the long-arm statute, the exercise of such jurisdiction would not be proper.  In considering whether the minium contacts analysis is met, the Court must look to three requirements:

> First, the contacts must be related to the plaintiff's cause of action . . . .  Second, the contacts must involve some act by which the defendant purposefully avails itself of

---

[5] The Plaintiff has attempted to factually distinguish cases applying the Corporate Shield Doctrine, such as <u>Doe</u>, on the grounds that those cases involved foreign officers of foreign corporations, however, Florida Courts have applied the Doctrine to shield foreign officers of a Florida corporation.  <u>See</u> <u>Radcliffe v. Gyves</u>, 902 So. 2d 968, 972 n.4 (Fla. 4th DCA 2005).

[6] In <u>Doe</u>, the Florida Supreme Court carved out an exception to the Doctrine: "A corporate officer committing fraud or other intentional misconduct can be subject to personal jurisdiction." 620 So. 2d at 1006 n.1.

> the privilege of conducting activities within the forum . . . . Third, the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there.

Vermeulen v. Renault, U.S.A., Inc., 985 F.2d 1534, 1546 (11th Cir. 1993). Here, the evidence before the Court of the Foreign Defendants' contacts with Florida is their travel to Florida on behalf of Mitchell, a foreign corporation, and their titles as officers and directors of Banyan, a Florida corporation and wholly owned subsidiary of Mitchell. Moreover, there is no allegation or evidence of any intentional wrongdoing on the part of the individual Foreign Defendants in Florida or otherwise. Considering the facts and allegations before it, the Court cannot say that the Foreign Defendants' contacts as corporate representatives are such that those defendants should reasonably have anticipated being haled into Florida to be sued in their individual capacity. Moreover, the Court finds that the exercise of personal jurisdiction over the Foreign Defendants would offend traditional notions of fair play and substantial justice. Indeed, this Court concurs with the Florida Supreme Court's conclusion that it "is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer." Doe, 620 So. 2d at 1006.

Finally, if the Court were unwilling to deny the Foreign Defendants' motion to dismiss, the Plaintiff has requested an opportunity to conduct discovery limited to the issue of personal jurisdiction. As the basis for their request, the Plaintiff stated that: "The Defendants have admitted to a long history of business relationships, but then denied that

8

they did anything in those roles. This is suspect to say the least." Response at 14. The Court finds that this request for discovery should be denied. First, the request is wholly speculative and amounts simply to the request to conduct a fishing expedition. Second, even if the Plaintiff did uncover evidence that the Foreign Defendants had more active roles in the management of Banyan, that would not change the Court's decision, especially as there are no allegations of intentional tortious activity by the Foreign Defendants themselves. Accordingly, the Court finds that permitting the Plaintiff to conduct jurisdictional discovery regarding the Foreign Defendants would serve only to place those parties at unnecessary burden and expense.

## Conclusion

Upon due consideration, the Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 14) is GRANTED, and Defendants John B. Saint, Chester J. Stefan, Donald P. Kelly, and Paul C. Wesch are DISMISSED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 15th day of June, 2007.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record